[Crim. No. 382. Third Appellate District.—August 30, 1917.]

THE PEOPLE, Respondent, v. JOE AVENA, Appellant.

CRIMINAL LAW — RAPE — CREDIBILITY OF WITNESSES — CONTRADICTORY TESTIMONY—QUESTION FOR JURY.—In a prosecution for rape committed by the defendant on his twelve year old daughter, it is for the jury to decide whether the statements made by the prosecuting witness and her sister at the preliminary examination, which were directly contrary to their testimony given at the trial, so far impeached them as to render their testimony improbable or unbelievable, they having explained it by saying that they had been told that if their father was convicted he would be sent to the penitentiary and they to the reform school.

ID.—MISCONDUCT OF DISTRICT ATTORNEY—ARGUMENT TO JURY—LACK OF PREJUDICE.—Misconduct of the district attorney in stating in his closing argument that in other states the defendant would have been hung, and that all that took place when defendant was brought to his office was not given in evidence, because objected to, is not prejudicial, where the remarks were objected to, and the jury instructed to disregard them.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order denying a new trial. Malcolm C. Glenn, Judge.

The facts are stated in the opinion of the court.

Richard P. Talbot, for Appellant.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

CHIPMAN, P. J.—On information filed by the district attorney of Sacramento County defendant was convicted of the

crime of rape upon his twelve year old daughter and was sentenced to fifty years' imprisonment at Folsom. He appeals from the judgment of conviction and from the order denying his motion for a new trial.

Defendant invites attention to the following three points which he deems sufficient to call for a new trial: 1. That the verdict is contrary to the evidence; 2. Errors of law committed by the trial court; 3. Misconduct of the deputy district attorney.

The facts testified to by the prosecuting witness and her sister were amply sufficient to justify the verdict. The point urged is that both these witnesses admitted that the testimony they gave at the trial was directly contrary to that given at the preliminary examination and that their testimony given at the trial was false. The explanation given by them for this change in their testimony was that they had been told that if their father was convicted he would be sent to the penitentiary and they would be sent to the detention home or the reform school. There was evidence tending to show that some such representations were made to them, before testifying at the preliminary examination, as inducement to shield their father from the consequences of the unnatural act with which he was charged. It was for the jury to decide whether these contradictory statements, under all the circumstances and facts placed before the jury, so far impeached these witnesses as to render their testimony at the trial improbable or unbelievable. (*People* v. *Preston,* 19 Cal. App. 685, [127 Pac. 660].) There is nothing in the story told by the prosecuting witness, corroborated as it was by her sister, which is inherently improbable or would justify the reviewing court in interfering with the verdict of the jury. It is not without some significance that the learned judge who sat at the trial not only denied the motion for a new trial, but that the sentence imposed amounted practically to life imprisonment, for defendant, forty-nine years of age, was given a fifty years' term of imprisonment.

Lena Avena, sister of the prosecuting witness, testified to the act committed by her father. Upon her cross-examination counsel for defendant called her attention to her testimony given at the preliminary examination contradictory to her testimony she had just given at the trial. Upon redirect,

the district attorney was permitted, over objection, to show that the witness had been told that she would be sent to the reform school or detention home if her father went to state prison. The court allowed this testimony on the ground that the witness was entitled to explain why she had changed her testimony. Some questions and answers in the course of the re-examination were objectionable, but the main object was to give the witness the opportunity of explaining why she had testified as she did at the preliminary. We see no error in this ruling.

No other alleged error in the court's ruling is called to our attention.

In his closing argument to the jury Deputy District Attorney Jones recapitulated the evidence as to what took place the morning following the act of their father; that the children ''talked it over''; that ''the mother was gone and they told Mrs. Murphy and they told Mrs. Anastasio and they or someone told Charlie,'' who telephoned to the officer; that the latter came, heard the story of the children, and arrested their father. ''Where was he treated wrong,'' asked Mr. Jones, ''where was he treated with any harshness? Why, if it had been down in the state where Mr. Talbot [defendant's attorney] was born, if it had been down in the southern states, you know what would have happened to that man. The neighbors around there would not have permitted him to have been brought up to the jail. They would have hung him right outside of that tent. Many a colored man has been. Mr. Talbot: If your Honor please, the gentleman from Missouri will deny that they would have hung this man. The Court: Eliminate that, Mr. Jones. Mr. Talbot: They would have given him a fair trial. They would not have hung this man unless there was proof. Mr. Jones: No, they never have. Mr. Talbot: No; they would give him a fair trial. The Court: Just a moment, gentlemen. Mr. Talbot: He has got no right to go outside of this testimony. Mr. Jones: I am not going outside of the case. I am simply explaining what they would have done if it had been in your state. Mr. Talbot: Well, now, I assign that as error, and I ask that the jury now be instructed to disregard that part of the statement. . . . The Court: The jury will disregard it.'' The district attorney then proceeded to state what took place in his office and who

were present when the defendant was brought there, at which time the court stenographer took down in shorthand what there occurred. In the course of the trial the district attorney had endeavored to introduce the statement there made by the defendant, but the court denied the offer. The district attorney continued: "Now, gentlemen of the jury, the whole statement of what took place there has not been read to you, because they objected to it and would not permit it to be read. Mr. Talbot: Now, we object to that kind of argument here before this jury. The Court: The objection is sustained. Do not refer to that. Mr. Talbot: Trying to cloud the jury on the testimony. Mr. Jones: I am not trying to cloud the jury, sir. I have not got much time, but I will sit down and let you talk, if you want to. Mr. Talbot: I am objecting to the court, that is not proper argument before the jury. The Court: Well, I will instruct the jury to disregard any reference to the statement. It is not in evidence."

It is now contended that "the ruling of the trial court was absolutely insufficient to cure such willful misconduct." The appellate courts are called upon too frequently, in reviewing criminal cases, to deal with the conduct of district attorneys who travel outside the record in their argument to the jury in order to bring about a conviction. Such course should never be necessary if the evidence is sufficient to warrant conviction; and if it is not sufficient, no district attorney is warranted in demanding a conviction. Where, however, the misconduct is promptly called to the attention of the court and it is asked to instruct the jury to disregard the objectionable remarks of the district attorney and the court does so, the injury done is deemed to have been cured. We held, in *People* v. *Ferrara,* 31 Cal. App. 1, [159 Pac. 621], that to justify a reversal the misconduct of the district attorney must be flagrant and obviously prejudicial. We do not think that the alleged misconduct in the present case was of such persuasive character as to have led the jury to ignore the court's instruction to disregard it. (*People* v. *McRoberts,* 1 Cal. App. 28, [81 Pac. 734].)

The record shows that defendant was ably defended; that but a single error of the court in its rulings has been pointed out and that one not prejudicial; that full and unobjectionable instructions were given the jury, and that the

evidence accepted by the jury was amply sufficient to warrant the verdict rendered. The judgment and order are affirmed.

Burnett, J., and Hart, J., concurred.