[Civ. No. 5462. Second Appellate District, Division Two.—August 24, 1927.]

S. R. OSBORNE, Respondent, v. LEO M. BAUGHMAN et al., Appellants.

Jesse W. Carter, Harry W. McNutt and Frank J. Burke for Appellants.

Rosencrans & Emme for Respondent.

THOMPSON, J.—This is an appeal from a judgment of the superior court annulling, upon writ of review, an order of the State Board of Dental Examiners whereby the license of respondent to practice dentistry in the state of California was revoked. The questions to be determined are whether there was any testimony adduced before the board showing that respondent was chargeable with knowledge that his unlicensed employee was practicing dentistry, and whether such knowledge is necessary before it can be said that a dentist is aiding or abetting an unlicensed person to practice dentistry.

Inasmuch as appellant has argued that it is not the province of a court in *certiorari* proceedings to concern itself further than to determine whether the *quasi*-judicial body, such as is the Board of Dental Examiners, has exceeded its jurisdiction, it should be here observed that where such tribunal or board has acted, not upon a conflict in the evidence, but in spite of a lack of any competent evidence, it has exceeded its jurisdiction. It may be put in this language: That the writ of review may be used to determine whether there was any testimony to establish certain facts without the existence of which the board has no power to act. (*Goodall* v. *Superior Court,* 37 Cal. App. 724–727 [174 Pac. 924]; *Great Western Power Co.* v. *Pillsbury,* 170 Cal. 180 [149 Pac. 35].)

In this case the respondent was operating two dental offices, one in the city of Glendale and the other in the city of Los Angeles. He testified that Wilson, the employee, was a dental mechanic and that he employed him as a laboratory man only; that he always had a dentist in the Los Angeles office, except for a few days after a Dr. Marr had quit and before he secured the services of a Dr. Walsh, and that during that time he left instructions that "Dr. Fridd was to take care of any patients that should come in, either come over there or have the patient sent over to the other office." Thomas Wilson testified that he was employed as a dental mechanic; that during the time they were expecting a new dentist to take the place vacated by Dr. Marr a Mrs. Koch came in, and that he took an impression for some bridge-work, made an appointment with her to return, and gave her the price of the work; that he never did any other operative work; that he knew that Dr. Osborne did not know that he was operating; that he simply took a chance on this occasion, and that during these few days they were making appointments in anticipation of Dr. Walsh and when he did not arrive they called in another dentist. The testimony further established that Wilson was arrested and convicted of practicing dentistry without a license (the act thereof consisting of taking the impression referred to), and that ten or twelve years before he had been convicted of practicing dentistry without a license in San Diego.

The appellants assert that from the fact that Dr. Osborne had heard that Wilson had been accused of practicing without a license in San Diego, and from the fact that Wilson was managing his office in Los Angeles—which Dr. Osborne had not visited in two or three months—they were justified in believing that respondent had knowledge of the fact that Wilson was doing operative dentistry. This argument would be more forceful had there been a series of acts instead of an isolated instance; but as it stands we may only suspicion that there was more than one act, and, building upon suspicion rather than proof, if we adopt appellants' argument, infer that the doctor must have had knowledge · by reason of its continuity. No inference is legally justifiable in this situation, and there is uncontradicted evidence in the record that Wilson's one act of practice was without Dr. Osborne's knowledge. But even if an

inference were justified, the positive uncontradicted testimony to the contrary would dispel the inference. It has been held on several occasions by our courts that inferences which may be drawn from certain facts disappear when direct evidence to the contrary is offered. (*Maupin* v. *Solomon*, 41 Cal. App. 323 [183 Pac. 198]; *Martinelli* v. *Bond*, 42 Cal. App. 209 [183 Pac. 461]; *Everett* v. *Standard Acc. Ins. Co.*, 45 Cal. App. 332–339 [187 Pac. 996]; *Fahey* v. *Madden*, 56 Cal. App. 593–598 [206 Pac. 128]; *Musachia* v. *Jones*, 65 Cal. App. 283–298 [223 Pac. 1006]; *Dowd* v. *Atlas Taxicab etc. Co.*, 187 Cal. 523 [202 Pac. 870]; *Mar Shee* v. *Maryland Assur. Corp.*, 190 Cal. 1–8 [210 Pac. 269].)

The question remaining for disposal is whether it is necessary for a dentist to know or to be chargeable with knowledge that he is in fact "aiding or abetting an unlicensed person to practice dentistry unlawfully" before the board may revoke his license for that offense. The act under which the respondent was proceeded against (Deering's Gen. Laws 1923, p. 682) defines unprofessional conduct in the language we have just quoted, and these appellants argue that had the legislature intended that knowledge or consent were necessary it would have so stated in the act. We cannot assent to the broad statement thus made, for the reason that aid and abet in this character of a proceeding necessarily implies knowledge. The expression is a familiar one in the domain of criminal law, and as there used it means that one has, with guilty knowledge and intent, aided the actual perpetrator to commit the offense. (7 Cal. Jur. 889; *People* v. *Yee*, 37 Cal. App. 579 [174 Pac. 343].) We have no doubt but that the legislature used the expression in this sense. It is difficult to believe that the valuable right that an upright and qualified citizen has to practice a profession could be made dependent upon an act done by another, of which the former has no knowledge. This construction is borne out by the analogy which may be drawn between disbarment proceedings and the one here under consideration. It has been uniformly held that disbarment proceedings are in the nature of criminal charges, and all intendments are in favor of the accused. (*Matter of Haymond*, 121 Cal. 385 [53 Pac. 899].) By this analogy we think it must be apparent that knowledge is neces-

sary before it can be said that a dentist has aided or abetted an unlicensed person to practice dentistry unlawfully.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 20, 1927.