[Civ. No. 3344. Third Appellate District.—November 30, 1927.]

C. E. MEAGHER, Petitioner, v. BOARD OF DENTAL EXAMINERS OF CALIFORNIA et al., Respondents.

Schweitzer & Hutton for Petitioner.

Frank J. Burke and Jesse W. Carter for Respondents.

FINCH, P. J.—This is an original application for a writ of review by which the petitioner seeks the annulment of an order of respondent Board, hereinafter referred to as respondent, revoking his license to practice dentistry in this state.

The accusation upon which the petitioner was tried alleges that between December 1, 1925, and January 31, 1926, he "did aid and abet an unlicensed person, to-wit: J. P. McEnroe, to practice dentistry unlawfully in the state of California, in that the said C. E. Meagher, did," during that period, "practice dentistry in an office" which "was owned and conducted by the said J. P. McEnroe, . . . and that in so practicing dentistry at the said office, the said accused was under contract of employment to the said J. P. McEnroe"; that said office "was a place where dental operations were performed"; and that McEnroe was not, during said time, "entitled to practice dentistry in the state of California."

McEnroe, as a witness for the prosecution, testified as follows: "Q. What was your business, Mr. McEnroe, during the period embraced between the 1st day of December, 1925, and the 31st day of January, 1926? A. I was associated with Dr. Bley . . . at Fresno. Q. Were you in business with him at Porterville? . . . A. Yes, sir. Now, as far as Dr. Meagher is concerned, . . . he knew nothing about the connection of that office, and as far as he is concerned, he thought that Dr. Bley owned the office. . . . Q. Did you have connection with this office in Porterville during the period embraced between the 1st day of December, 1925, and the 31st day of January, 1926? A. Yes, sir. . . . I practically owned the office. . . . Q. Did you own the equipment in the office? A. Yes, sir. . . . Q. Was Dr. Meagher employed in that office during that time? A. Yes, sir. . . . Q. Dr. Bley was in charge of the office, was he? A. Yes, sir. Q. And was Dr. Bley associated with you in the ownership of it? A. Yes, sir. . . . Q. Do you recall any lettering or wording that appeared on that office at all? A. Dr. Bley's name. . . . Q. You are not licensed to practice dentistry, are you, Mr. McEnroe? A. No, sir. . . . Q. What was the purpose of the employment of Dr. Meagher in the office during that period of time? A. He was acting as manager for Dr. Bley." The accused testified as follows: "On the 30th of November, 1925, I was introduced to Mr. McEnroe through one of the supply men here in town (Los Angeles), Mr. McEnroe informed me that he wanted me to go to work in the Porterville office of Dr. Bley. He represented himself to me as being a messenger from Dr. Bley down here to get a man and I accepted the employment and went to Porterville. While I was there Mr. McEnroe did not come in the office and neither did Dr. Bley. My money there in the Porterville office was banked to the credit of Dr. Bley as dentist, and my checks, my pay checks came from Fresno the same way. I left Porterville January 19th, having been there six weeks. . . . My pay checks were mailed to me from the Fresno office, . . . signed by Dr. Bley. Q. Did you ever see Dr. Bley while you were at the office? A. No, sir. Q. Did you ever have any conversation with him during the time that you were employed there? A. No, sir. Q. Did you ever get any instructions from him? A. Only indirectly, . . . from what Mr. McEnroe told me. . . . Q.

Did you know where Dr. Bley was all during that time? A. In Fresno. Q. Did you ever make an endeavor to get in touch with him there? A. I did; yes, sir. . . . I drove to Fresno on two different occasions in the evening. . . . Q. And you did not find him. A. No, sir.''

The evidence produced by the prosecution and the testimony of the accused show without conflict that he had no knowledge of McEnroe's connection with the dental office in question. Such ''knowledge is necessary before it can be said that a dentist has aided or abetted an unlicensed person to practice dentistry unlawfully.'' (*Osborne* v. *Baughman*, 85 Cal. App. 224 [259 Pac. 70], hearing denied by supreme court October 21, 1927.) This point being decisive of the cause, other objections made by petitioner need not be considered.

The demurrer to the petition is overruled and the order revoking petitioner's license is annulled.

Plummer, J., and Hart, J., concurred.