[Civ. No. 3341.  Third Appellate District.—November 30, 1927.]

FREDERIC A. BLEY, Petitioner, v. BOARD OF DENTAL EXAMINERS OF CALIFORNIA et al., Respondents.

194

Levinsky & Jones for Petitioner.

Frank J. Burke and Jesse W. Carter for Respondents.

FINCH, P. J.—This is an original application for a writ of *certiorari* to review an order of the respondent Board, hereinafter referred to as respondent, revoking petitioner's license to practice dentistry.

The accusation upon which such order is based charges that the petitioner herein "did aid and abet an unlicensed person, to-wit: J. P. McEnroe, to practice dentistry unlawfully in the state of California, in that the said Frederic A. Bley did during the period embraced between the 20th day of December, 1925, and the 10th day of January, 1926, practice dentistry in an office known and designated as 913 Fulton street, in the city of Fresno, state of California, and which said office was owned and conducted by the said J. P. McEnroe, . . . and that in so practicing dentistry at the said office, the said accused was under contract of employment to the said J. P. McEnroe. That the said 913 Fulton street . . . was a place where dental operations were performed and that during all of said times the said

J. P. McEnroe was and now is not entitled to practice dentistry in the state of California.''

Respondent's return sets forth all the evidence taken at the hearing on the charge. It fairly appears therefrom that the petitioner practiced dentistry at the place and during the time alleged in the accusation. McEnroe testified that during the time alleged he and petitioner ''owned the equipment in that office''; that each bought and owned one-half thereof; that the office sign read ''Dr. F. A. Bley using Progressive Dentists System''; that the witness had no license to practice dentistry; that the receipts of the office during the period of time covered by the accusation were deposited in petitioner's name and that the witness was paid a salary out of such receipts; that no profits were derived from the business, but that if there had been any profits they would have been divided equally between the witness and petitioner; and that the office equipment was purchased in petitioner's name because the witness was not a licensed dentist and therefore could not buy it in his own name. The foregoing is in substance all of the evidence tending to prove the charge against petitioner.

Over petitioner's objection, McEnroe, who was a witness for the prosecution, was permitted to testify as follows: ''Q. You were charged with . . . practicing dentistry without a license in Fresno, recently, were you not? A. Yes, sir. . . . Q. And upon that charge you plead guilty? A. Yes, sir.'' This testimony was given June 23, 1927, about eighteen months after the time alleged in the accusation. It was clearly inadmissible and the objections thereto should have been sustained. While it is not permissible in this proceeding to annul the order on the mere ground that evidence was improperly admitted, such evidence is to be disregarded in determining whether there is sufficient evidence to support the order. (*Thrasher* v. *Board of Medical Examiners*, 44 Cal. App. 26, 28 [185 Pac. 1006].) It may be said further that no connection of any character was shown between the offense of which McEnroe pleaded guilty and that with which the petitioner was charged. It does not tend in the slightest degree to prove the charge and it need not be further considered.

It was incumbent on the prosecution to prove that McEnroe practiced dentistry unlawfully during the period

of time alleged in the accusation. In this respect the proof entirely fails. Considering the evidence in the light most favorable to the respondent, it merely shows that McEnroe owned a half interest in the office equipment, received a salary, in an amount not stated, for undisclosed services and would have received half the profits if there had been any. Section 11 of the Dental Act (Stats. 1921, p. 236), provides:

"Any person shall be understood to be practicing dentistry within the meaning of this act . . . (5) who manages or conducts as manager, proprietor, conductor, or otherwise a place where dental operations are performed."

There is no evidence to justify the inference that McEnroe managed or conducted "as manager, proprietor, conductor, or otherwise a place where dental operations are performed." To manage or conduct a place or business is to exercise control and direction thereof. (*Gordon* v. *Industrial Acc. Com.*, 199 Cal. 420, 426 [249 Pac. 849]; *E. Clemens Horst Co.* v. *Industrial Acc. Com.*, 184 Cal. 180, 190 [16 A. L. R. 611, 193 Pac. 105].) The evidence does not show that McEnroe had or exercised any voice whatever, either directly or indirectly, in the management or control of the place in question or the operations conducted therein. The right to practice dentistry, acquired by several years of study and training, is a property right which is not to be taken away on mere suspicion or conjecture. In *Hewitt* v. *Board of Medical Examiners*, 148 Cal. 590, 592 [113 Am. St. Rep. 315, 7 Ann. Cas. 750, 3 L. R. A. (N. S.) 896, 84 Pac. 39], it is said: "The right to practice medicine is, like the right to practice any other profession, a valuable property right, in which, under the constitution and laws of the state, one is entitled to be protected and secured." There being no evidence to prove the charge against the petitioner, he is entitled to have the order revoking his license annulled. (*Garvin* v. *Chambers*, 195 Cal. 212, 223 [232 Pac. 696]; *Osborne* v. *Baughman*, 85 Cal. App. 224 [259 Pac. 70].)

The demurrer to the petition is overruled and the order revoking petitioner's license is annulled.

Plummer, J., and Hart, J., concurred.