[Civ. No. 323. Fourth Appellate District.—June 8, 1931.]

WILLIAM PARKER WINNING, Respondent, v. BOARD OF DENTAL EXAMINERS OF THE STATE OF CALIFORNIA et al., Appellants.

Jesse W. Carter for Appellants.

B. M. Benson for Respondent.

LAMBERSON, J., *pro tem.*—William Parker Winning, the appellee herein, a licensed dentist residing and practicing in the city of Fresno, petitioned the superior court of the county in which he resides for a writ of *certiorari* for the purpose of having reviewed the proceedings and judgment of the state Board of Dental Examiners, by which it was

adjudged, under date of January 2, 1930, that the appellee was guilty of unprofessional conduct under an accusation filed with said board, in which it was charged that said appellee aided and abetted one Andreas Jensen, an unlicensed person, to practice dentistry unlawfully. The accusation was made by an agent of the Board of Dental Examiners under the provisions of an act of the legislature approved May 21, 1915 (Stats. 1915, p. 698), and particularly under sections 11, 12 and 13 thereof, as amended in 1929 (Stats. 1929, p. 1940; Deering's Supplement of 1929 to Codes and General Laws, p. 3085, Act No. 2048), which will be referred to hereafter as the Dentistry Act.

The superior court granted the prayer of the petition and set aside the judgment of the Dental Board and from this judgment of the superior court the Dental Board has taken this appeal.

The petitioner and appellee urges in support of the judgment of the court of review,

1st. That the accusation filed with the Board of Dental Examiners failed to state facts sufficient to constitute an offense under the act above cited.

2d. That the hearing before the Dental Board was not before a fair or impartial tribunal and the Dental Board was disqualified to hear the accusation; and

3d. That the writ of *certiorari* may be used to determine whether, in a proceeding before the Board of Dental Examiners, there was sufficient testimony to establish certain acts, without the evidence of which the board is without power to act.

The foregoing grounds of objection are stated in the language used in the argument of the appellee.

We shall discuss the questions stated in the order in which they appear in appellee's brief.

The facts are substantially as follows: An inspector of the Board of Dental Examiners employed a detective agency at Fresno to investigate reported infractions of the Dentistry Law. This agency, in turn, secured the services of one C. E. Shanklin, a letter carrier, and a Mrs. Emma L. Burnside, to visit the office of appellee and have a set of artificial teeth made for Shanklin. These two persons called at appellee's office together, and an impression of Shanklin's

jaw was taken in the usual manner. A few days later Shanklin called alone at Dr. Winning's office and another operation in the process of making a set of teeth was performed. Later, Shanklin and Mrs. Burnside returned together for the teeth and at that time a little work was done on them for purposes of adjustment. They seemed to be satisfactory and Shanklin took them away after paying the amount of the balance due with a check drawn in favor of Dr. Winning. Reports were made by the witnesses after each visit, to the detective agency by which they were employed, and such reports were immediately transcribed.

It was the testimony of Shanklin and Mrs. Burnside that practically all of the work of taking the impressions and making the fittings and adjustments was done by Andreas Jensen who, according to the testimony of Dr. Winning, was employed in the latter's office simply as a dental mechanic, but was paid a substantial commission upon the making of each plate. During various operations, according to the testimony of the operatives, the appellee performed only two or three minor services. Shortly after these occurrences, criminal charges were preferred by representatives of the Dental Board against Jensen for practicing without a licence. In the course of his investigation of the case a deputy district attorney of Fresno County took the sworn statements of Shanklin and Mrs. Burnside. The statement of Shanklin, as to the identity of the person who performed the services for him and the operation upon his mouth in Dr. Winning's office, was very much confused and there was a very serious discrepancy between his statement and his testimony given at the hearing of the accusation before the Board of Dental Examiners. Mrs. Burnside's testimony, however, was substantially the same as her statement made to the district attorney. She had known Andreas Jensen for a period of years, and he had done work upon her mouth in another office. Her testimony was that such acquaintanceship was mentioned upon her first visit to the office of Dr. Winning. It appears from the record and from the briefs of counsel that the court of review annulled the judgment of the Board of Dental Examiners upon the ground that the witnesses upon whose testimony the findings of the Dental Board were based, were so completely discredited by conflicting statements

made prior to the hearing, that no trial court would have permitted the verdict of the jury based thereon to stand.

The accusation against the appellee filed with the Board of Dental Examiners charged the appellee with unprofessional conduct and specified as the basis of such charges, in substance, that appellee was a legally licensed and practicing dentist and that between the seventh and the fifteenth days of October, 1929, he permitted one Andreas Jensen to have the use of a certain dental office in a certain building located in the city of Fresno, and to have the use of certain dental instruments and paraphernalia therein contained for the purpose of practicing dentistry therein, as defined in the Dentistry Act; that said Jensen was not, during said period of time, licensed to practice dentistry but did, during said period, engage in the practice of dentistry in said office and by the use of said equipment and by said acts, appellee aided and abetted said Jensen to practice dentistry unlawfully.

Unprofessional conduct is defined in subdivision 3 of section 13 of the Dentistry Act, and the accusation charged the offense in the language of the statute with some slight elaboration. ■ The operations necessary in the taking of measurements and impressions for artificial teeth and the fitting thereof, constitute the practice of dentistry within the meaning of the Dentistry Act. (*Jacobs* v. *Board of Dental Examiners*, 189 Cal. 709 [209 Pac. 1006].)

■ The objection that the accusation was insufficient was not raised by demurrer at the hearing of the charges before the Dental Board. Leaving out of consideration the statement of the trial court expressed in its order that no question had been raised as to the jurisdiction of the Dental Board, we are of the opinion that the accusation was sufficient. It is to be implied from the accusation in which it is alleged that appellee was a practicing dentist and permitted Andreas Jensen to have the use of a certain dental office and to have the use of certain instruments and paraphernalia therein contained, that he controlled such office and equipment, and that he therefore had knowledge of what Jensen was doing. The words "aided" and "abetted" used in the accusation imply knowledge. (*Osborne* v. *Baughman*, 85 Cal. App. 224 [259 Pac. 70].)

It is obvious from the testimony, whether one witness is to be believed or another, that Winning was present at all times and knew exactly what Jensen was doing. The case, so far as the trial tribunal was concerned, resolved itself into a question as to whether Winning or Jensen was doing the dental work in Shanklin's mouth. ■ The accusation or complaint before a board such as a medical board, or Board of Dental Examiners exercising *quasi*-judicial powers, is sufficient if expressed in the language of the statute. (*Lanterman* v. *Anderson,* 36 Cal. App. 472 [172 Pac. 625] ; *Homan* v. *Board of Dental Examiners,* 202 Cal. 593 [262 Pac. 324] ; *Suckow* v. *Alderson,* 182 Cal. 247 [187 Pac. 965].)

■ The foregoing cases are also authority for the principle that the rules of pleading in criminal cases, and rules limiting the effect of evidence therein as fixed in the Penal Code, do not apply to proceedings before such boards as the Board of Dental Examiners.

■ The objection that the hearing of appellee was not before a fair or impartial tribunal, and that the Board of Dental Examiners was disqualified to hear the accusation, is made here for the first time. There is no affirmative showing that the members of the Dental Board, excepting the secretary, who was a member thereof, knew anything about the case before the evidence was heard before the board. The prejudice of the board, however, did not constitute a ground for granting a writ of *certiorari.* There is no provision in section 170 of the Code of Civil Procedure, or in the Dentistry Act that the Board of Dental Examiners shall have no capacity to act in the event that the members should be biased or prejudiced. In the absence of a provision disqualifying the members of the board because of bias or prejudice, their jurisdiction to hear the matter cannot be questioned. This question was fully discussed in the case of *Dyment* v. *Board of Medical Examiners,* 93 Cal. App. 65 [268 Pac. 1073]. ■ The contention is made that because the accusation was preferred by a person employed by the board, that body, at the hearing, was both prosecutor and judge, and that the hearing therefore was not fair and impartial; consequently, that the person against whom the charge was made is deprived of property without due process of law. This question has been raised before in a number of cases in this jurisdiction, and it has been held

that such circumstances would not make the proceedings to revoke a license violative of the due process of law provisions of the Constitution of the United States. (*Berry* v. *Alderson,* 59 Cal. App. 729 [211 Pac. 836]; *Jacobs* v. *Board of Medical Examiners, supra.*)

■ The third point urged by the appellee is directed to the proposition that a writ of *certiorari* may be used to determine whether in a proceeding before the state Board of Dental Examiners, there was sufficient testimony to establish certain acts without the evidence of which the board is without power to act. Stress is laid upon the fact that the witness Shanklin made statements before the district attorney which were in contradiction of statements made by him later before the Dental Examiners. · While such a condition might have the serious consideration of the persons before whom the accusation was tried, and by whom the facts were heard, we do not think that it can be considered by the court of review in the absence of a showing that the evidence is so inherently improbable as to, in effect, constitute no evidence at all. There must exist a physical improbability, or such a state of facts that nothing need be assumed, nor any inferences drawn to convince the ordinary mind of the falsity of the story. ■ The credibility of the witnesses and the credit which should be given their testimony is, in the first instance, to be determined by the jury or tribunal, which hears the testimony and passes thereon. The writ of *certiorari* cannot be used to determine where the weight of evidence lies. The reviewing court is obviously in no position to determine the credit which should be accorded the witnesses, or to weigh their testimony. (*People* v. *Haydon,* 18 Cal. App. 543 [123 Pac. 1102, 1114]).

■ The writ of *certiorari* can be used only for the purpose of ascertaining whether the trial court or board has exceeded its jurisdiction. The action of the inferior tribunal sought to be reviewed is final and conclusive upon every question, except questions of jurisdiction. (*Fickert* v. *Zemansky,* 176 Cal. 443 [168 Pac. 891].)

The writ cannot be used for the purpose of determining whether or not the evidence was sufficient to support the particular order or judgment complained of, providing the inferior tribunal had jurisdiction. Mere errors in the exercise of jurisdiction are not reviewable by this writ. In

the case of *Roberts* v. *Police Court,* 185 Cal. 65 [195 Pac. 1053, 1054], the court said: ''Where a court is invested with jurisdiction to determine the question of the guilt or innocence of one charged with a public offense, as was the police court in this case, by the filing of the complaint and by acquiring jurisdiction over the person of the defendant, its determination on the question of guilt or innocence, whether based on sufficient evidence or not, is a determination arrived at in the exercise of its jurisdiction, and however erroneous it may be, it is not void for want of *power* in the court to render the decision. Invested with the jurisdiction to determine the matter, the court has the power to determine it wrongly upon the evidence as well as correctly, and, under our law, the defendant's only remedy in the event of an incorrect decision is by appeal.''

Upon every question, except the mere question of power, the action of the inferior tribunal is final and conclusive. (*Whitney* v. *Board of Delegates, etc.,* 14 Cal. 479; *Matter of Hughes,* 159 Cal. 360 [113 Pac. 684].)

An exception to the rule that the sufficiency of the evidence will not be reviewed is made when the question is whether jurisdictional facts were or were not proved. (*Osborne* v. *Baughman, supra; Bley* v. *Board of Dental Examiners,* 87 Cal. App. 193 [216 Pac. 1036].)

In each of the last-cited cases, and in others which might be cited, there was found that there was a total lack of competent evidence upon which the judgment could be based.

In the case of *Garvin* v. *Chambers,* 195 Cal. 212 [232 Pac. 696, 700], the Supreme Court said: ''Where there is a conflict in the evidence or where the decision of such inferior board or tribunal of limited jurisdiction is supported by some evidence the decision of such board or tribunal cannot be reviewed on *certiorari.* But when the board or tribunal in question has power to act only upon the establishment of a certain set of facts which necessarily form the foundation of jurisdiction and, therefore, may be denominated jurisdictional facts and there is no evidence whatever to show the existence of such facts, a finding by such board or tribunal that those facts do exist cannot foreclose inquiry by a court of competent jurisdiction, upon *certiorari,* as to whether or not the order sought to be reviewed is

without any evidence to support it or is absolutely contrary to the uncontradicted and unconflicting evidence upon which it purports to rest.

"It is a fair summary of the decisions of this state, dealing with the scope of statutory *certiorari*, to say that the evidence adduced upon the hearing before an inferior board or tribunal having limited jurisdiction may be brought up to the reviewing court upon *certiorari* for the sole purpose of determining whether or not, from the evidence before it, the finding of a jurisdictional fact by such inferior board or tribunal is sustainable, and if there be no evidence to sustain such decision it must be annulled. (Citing cases.)"

In the instant case, conceding that the statements made by the witness Shanklin were contradictory, his credibility was a matter solely for the consideration of the triers of fact. The testimony of the witness Mrs. Burnside was, for the most part, straightforward, and was not contradicted except as to collateral matters. Her identification of Jensen as the person who performed the various operations on Shanklin's mouth was positive. She testified as to two or three minor acts in which Winning assisted. It cannot be said that there was no evidence upon which to base the judgment of the Board of Dental Examiners. There was sufficient competent evidence to show that Jensen was performing operations in the mouth of Shanklin in connection with the taking of impressions and fitting of teeth, if the trial tribunal placed credence in what Mrs. Burnside testified, or even in what Shanklin said in his testimony given before the board. (*Whetstone* v. *Board of Dental Examiners*, 87 Cal. App. 156 [261 Pac. 1077].)

In view of these considerations, the only remaining question to be resolved is the one arising from the conclusion of the court of review that the witnesses upon whose testimony the findings of the Board of Dental Examiners were based, were so completely discredited by their conflicting statements made prior to the hearing, that no trial court would have permitted the verdict of a jury based thereon, to stand. As said before, the amount of credit to be given to the testimony of a witness is solely a question for the trial tribunal, except, perhaps, where the testimony in the light of undisputed facts, is inherently so improbable

and impossible of belief as to, in effect, constitute no evidence at all. (*Crow* v. *Crow*, 168 Cal. 607 [143 Pac. 689]; *Neher* v. *Kauffman*, 197 Cal. 674 [242 Pac. 713]; *Farmers Bank of Camarillo* v. *Goodrich*, 90 Cal. App. 717 [266 Pac. 550].)

In the case of *People* v. *Avena*, 34 Cal. App. 500 [168 Pac. 148], it was urged that the witnesses, whose testimony was relied upon to support the judgment, had admitted that the testimony which they gave at the trial was directly contrary to that given at a preliminary examination in the same case, and that their testimony given at the trial was false. Certain explanations were given by the witnesses for the change in their testimony. In passing upon the matter the court said: "It was for the jury to decide whether these contradictory statements under all the circumstances and facts placed before the jury, so far impeached these witnesses as to render their testimony at the trial improbable or unbelievable. (*People* v. *Preston*, 19 Cal. App. 685 [127 Pac. 660].) There is nothing in the story told by the prosecuting witness, corroborated as it was by her sister, which is inherently improbable, or would justify the reviewing court in interfering with the verdict of the jury."

Unless the evidence upon which a conviction rests appears to be so radically improbable as to amount to no evidence at all, an appeal court, or court of review is not permitted to examine it merely to determine the preponderance of its probabilities. (*People* v. *Billings*, 34 Cal. App. 549 [168 Pac. 396].)

In the case of *People* v. *Bond*, 13 Cal. App. 775, in answer to the objection that a material witness had contradicted herself in important particulars when her testimony, taken at a coroner's inquest, at the preliminary examination, and at the trial of a case against a defendant, was subjected to comparison, the court said: "But the complete answer to the whole contention of appellant readily suggesting itself is, that the jurors are the exclusive judges of the credibility of the witnesses and of the weight of the evidence, and unless the testimony in favor of the verdict is so inherently improbable as to demand its rejection, appellate courts are bound by it. It is needless to add that it is not a question of whether the higher court is convinced

by it of defendant's guilt, or may be satisfied of defendant's innocence.''

In the case of *People* v. *Amadio,* 25 Cal. App. 729 [145 Pac. 151], the court said: ''Contradictions and inconsistencies in the testimony of a witness alone will not constitute inherent improbability. The best that˙ can be said in favor of the argument in support of the appeal is that there is a pronounced conflict in the testimony offered upon behalf of the prosecution, but it is only a conflict; and whether it appear in the evidence· offered on behalf of the people or in the evidence adduced upon the whole case, it will not constitute a ground in this court for a reversal of the judgment.''

In *People* v. *Slaughter,* 33 Cal. App. 365 [165 Pac. 44], the prosecuting witness was shown to have made an affidavit, and to have written two letters in which she denied the truth of the charges previously made against the defendant. The court said that the contradictory statements were subject to explanation, and the court would not be justified in setting aside the verdict for the sole reason that much of the evidence was in irreconcilable conflict with the testimony of the prosecutrix.

In *People* v. *Crawford,* 24 Cal. App. 396 [141 Pac. 824, 827], the prosecuting witness contradicted herself on several occasions, and in discussing the sufficiency of the evidence, the appeal court said: ''Nor are we authorized to say that because a witness contradicted herself time and time again, and denied many times while on the witness stand that her father had carnal connection with her, her testimony of incrimination is unworthy of belief and legally insufficient to uphold the verdict. That would be to invade the exclusive province of the jury to weigh the evidence and determine the credibility of the witnesses. The test here is not whether the witness is truthful, but whether it can be said that her testimony in favor of the verdict is inherently untrue.''

In *Pedrow* v. *Federoff,* 77 Cal. App. 164 [247 Pac. 212, 216], the testimony of one of the plaintiffs was very conflicting. The court said: ''With the integrity of her testimony thus shaken, it was still with the trial court to determine whether her testimony as to the manner in which she received her injuries was true or false. The doctrine

that 'A witness false in one part of his testimony is to be distrusted in others' . . . is a rule designed for the guidance of the triers of the questions of fact at *nisi prius* in passing upon and determining the credibility of a witness whose testimony they may find has been in part false. 'The rule merely means that where a witness is found to have sworn falsely in a certain material part of his testimony, his entire testimony may for that reason be rejected. But no one will attempt to challenge the right of a jury or a judge, trying the facts, to believe and credit certain parts of the testimony of a witness who has been shown to have sworn falsely as to certain other material parts thereof. The rule is, in any event, one which cannot be invoked in a court of appeal on a review of the facts.' (*Brandt* v. *Krogh,* 14 Cal. App. 39, 48 [111 Pac. 235]; *Robinson* v. *Robinson,* 159 Cal. 203 [113 Pac. 155].)'' See, also, *Bellone* v. *Kleinau,* 54 Cal. App. 428 [201 Pac. 977]; *People* v. *Castro,* 85 Cal. App. 228 [259 Pac. 117]; *Dowd* v. *Joyce,* 85 Cal. 377 [259 Pac. 368]; *People* v. ·*Fleming,* 166 Cal. 357 [Ann. Cas. 1915B, 881, 136 Pac. 291]; *People* v. *Ross,* 115 Cal. 233 [46 Pac. 1059].)

Other and numerous authorities may be cited to the same effect, but we have already trespassed upon the space which should be allowed for discussion of these matters. We have extended the citation of authorities for the reason that it has been urged with considerable vehemence that the action of the district attorney in dismissing the criminal charge of practicing without a license preferred by agents of the Dental Board against Andreas Jensen, should have considerable weight in the consideration of the case now before the court. The filing of criminal charges against Andreas Jensen in an inferior court, and dismissal thereof by the district attorney, together with his investigation, had no bearing upon or connection with the preferment of charges of unprofessional conduct made before the Board of Dental Examiners against appellee, other than as the statements of the witnesses taken by the district attorney might have contradicted such witnesses, when giving their testimony before the Board of Dental Examiners, or might have been used as a basis of impeachment of such witnesses. The prosecution of a criminal case under the rules set forth in the Penal Code, is vastly different from

the hearing of charges before a board, such as the Board of Dental Examiners, involving the suspension of the license of a practitioner, and the motive which actuated the district attorney in taking the statements of the witnesses or in dismissing the criminal charges, would be of no concern to the court of review. An officer prosecuting cases under the criminal code, has many things to take into consideration in carrying on the prosecution of a criminal case which would be foreign to a hearing of this nature.

Nothing has been developed in the case it appears in the record presented to this court, which would render the testimony of the witnesses Shanklin and Burnside inherently improbable or impossible of belief. The testimony of the witnesses employed in the office indicated that the office was equipped with several operating rooms or compartments and dental equipment therein, and that the situation was such that both of the men in the office could have ample facilities for working with patients. The practice of dentistry by so-called dental mechanics is not infrequent.

The conclusion of this court is that the court of review erred in setting aside the order and judgment of the Board of Dental Examiners, suspending the license of the appellee, and that the judgment of the superior court should therefore be reversed. It is so ordered.

Jennings, Acting P. J., and Marks, J., concurred.