[Civ. No. 4350. Third Appellate District.—February 3, 1932.]

FREDERIC A. BLEY, Respondent, v. BOARD OF DENTAL EXAMINERS OF THE STATE OF CALIFORNIA, etc., et al., Appellants.

Jesse W. Carter for Appellants.

Levinsky & Jones for Respondent.

PRESTON, P. J.—This is an appeal from a judgment directing the issuance of a permanent writ of prohibition against the defendants. The facts are briefly these:

On May 10, 1928, an accusation was filed with the Board of Dental Examiners of the State of California against the plaintiff Frederic A. Bley by one L. M. Armstrong, an investigator for said board; a citation was issued and served upon plaintiff directing him to appear before said board at Bakersfield, California, on June 15, 1928, and answer said accusation. Thereafter, but prior to said hearing, plaintiff and respondent herein filed in the Superior Court of the County of San Joaquin a petition for a writ of prohibition directed to appellants herein. On the filing of said petition, an alternative writ of prohibition was issued on June 14, 1928; on June 25, 1928, appellants appeared and demurred to said petition on the ground that the same does not state facts sufficient to constitute a cause of action; they likewise and at the same time filed an answer to said petition. Thereafter, and on November 22d, an order of said superior court was made granting plaintiff a preliminary writ of prohibition against the appellants herein; appellants thereupon appealed from said order to this court, but their appeal was dismissed. (101 Cal. App. 666 [282 Pac. 19].)

Upon the hearing of said Superior Court of San Joaquin County, the Dental Board stipulated to the truth of the facts alleged in the petition and judgment was entered November 10, 1930, making the writ of prohibition permanent. Findings of fact and conclusions of law were waived. From this order the defendants have appealed.

The law is well established that prohibition lies only when a subordinate court or tribunal is entertaining a proceeding of which it has no jurisdiction, or where it is

assuming to exercise an unauthorized power in a cause or proceeding of which it has jurisdiction. (*Bray* v. *Superior Court,* 92 Cal. App. 428 [268 Pac. 374, 1081]; sec. 1102, Code Civ. Proc.; 21 Cal. Jur. 583; *Tulare Irr. Dist.* v. *Superior Court,* 197 Cal. 649 [242 Pac. 725]; *Cooke* v. *Superior Court,* 73 Cal. App. 744 [239 Pac. 381].)

█ Therefore, the only question to be here determined is whether the accusation upon which the citation was based was sufficient and gave the board jurisdiction of the alleged charge of unprofessional conduct against respondent; or, in other words, does the accusation state facts sufficient to constitute an offense against the Dental Act?

Said accusation reads as follows:

"Pursuant to the provisions of the Dental Laws of the State of California, I do hereby charge F. A. Bley, who is and was at all of the times herein mentioned, a regularly licensed and practicing dentist in the State of California, with unprofessional conduct as the same is defined in the said dental laws of the State of California, specifying as the basis of such charge the following facts:

"That on or about the 15th day of October, 1925, he the said F. A. Bley permitted one R. F. Morrison to have the use of a certain dental office located in the city of Porterville, State of California, and to have the use of certain dental instruments and paraphernalia therein contained, for the purpose of practicing dentistry therein as the same is defined by the said act aforesaid; that during all of said time the said R. F. Morrison was not licensed to practice dentistry in the State of California; that during a portion of the time hereinbefore mentioned said Morrison did in fact engage in the practice of dentistry in said office and in the use of said equipment.

"That by said acts on the part of the said F. A. Bley hereinabove set out said F. A. Bley aided and abetted the said R. F. Morrison, an unlicensed person, to practice dentistry unlawfully. That all of said facts above set forth are contrary to the provisions of said Dental Law."

Section 13 of the Dental Act (as amended by Stats. 1929, p. 1946, sec. 7) provides:

"*Revocation of license.* Any dentist may have his license revoked or suspended by the board of dental examiners for any of the following causes:

"(3) For unprofessional conduct or for gross ignorance or inefficiency in his profession. Unprofessional conduct is hereby defined to be: . . . aiding or abetting any unlicensed person to practice dentistry unlawfully; . . . "

The accusation reduced to its simplest terms merely alleges that F. A. Bley permitted Morrison to have the use of a certain dental office and to use certain dental equipment, and by said acts aided and abetted Morrison to practice dentistry unlawfully.

We think the accusation is fatally defective in the following particulars:

First: There is no allegation in the accusation that respondent owned or had any control of this dental office or equipment;

Second: There is no allegation in the accusation that respondent owned or had leased the building or premises wherein this dental office and equipment was located;

Third: There is no allegation in the accusation that Bley knew or had any information whatever that Morrison was an unlicensed dentist.

Appellants insist that an accusation for unprofessional conduct charged in the language of the Dental Act is sufficient. The following authorities so hold: *Lanterman* v. *Anderson,* 36 Cal. App. 472 [172 Pac. 625], *Homan* v. *Board of Dental Examiners,* 202 Cal. 593 [262 Pac. 324], *Suckow* v. *Anderson,* 182 Cal. 247 [187 Pac. 965], and *Winning* v. *Board of Dental Examiners,* 114 Cal. App. 658 [300 Pac. 866]. But, that is of no avail to appellants in this case, because here the *accusation* is not in the language of the statute. Nowhere in the statute is to be found the word "permitted". If the word "permitted" had been omitted and the accusation had charged that Bley had aided and abetted Morrison to practice dentistry unlawfully, then under the very liberal rule of pleading before dental boards, a violation of the Dental Act might have been stated. But, the words "aid and abet" in this accusation are expressly limited to the acts alleged.

There is set out in detail what it is charged respondent did, and that he thereby aided and abetted Morrison to practice dentistry unlawfully. Therefore, the allegation that Bley "thereby aided and abetted" adds nothing to the

facts theretofore pleaded, and is the pleader's conclusion from the facts alleged.

The fatal defect in this accusation, it seems to us, is the omission of an allegation that Dr. Bley *owned or controlled the office or equipment used by Morrison,* etc. It may be conceded that the words "aided and abetted" used in the accusation imply knowledge (*Osborne* v. *Baughman,* 85 Cal. App. 224 [259 Pac. 70]), and it may also be conceded that the words "permit or permitted" mean to allow after notice or knowledge, but there is nothing alleged in the accusation that can be construed to be the equivalent of ownership or control, or right of control by respondent of the dental equipment, and with that omitted, we think no offense against the Dental Act was stated.

We are not unmindful of the rule allowing great liberality in pleadings before the dental and medical boards, but giving this rule full scope, still the accusation in such a proceeding must state facts showing a violation of the particular act under which the charge is made.

The Supreme Court, in denying a petition for a hearing in the case of *Dyment* v. *Board of Medical Examiners,* 57 Cal. App. 260, at page 266 [207 Pac. 409, 412], uses this language: "The complaint must be sufficient in its statement of facts to show actual unprofessional conduct by the person charged, or it will not give the board power or jurisdiction to revoke his certificate."

Nothing could more plainly express the principle that implications do not supply the lack of facts.

The case of *Osborne* v. *Baughman, supra,* holds that the terms "aid and abet" in this character of a proceeding imply knowledge. This is the authority for the decision in the case of *Winning* v. *Dental Examiners, supra.* However, the context of the former case indicates clearly that the court did not intend to say that when you accused one of aiding and abetting, without a statement of the facts constituting the basis of the charge, the accusation was sufficient. What the court obviously meant, and it was the main question decided, was that the very essence of the charge of aiding and abetting was a guilty knowledge.

It is well to remember that in these proceedings the charge is unprofessional conduct, not that the accused had knowledge of some other person's default.

Quoting from the Dyment case, *supra*, the District Court of Appeal, after reciting the benefits of legislation tending to promote public health, says:

"It is equally important, however, that no man be brought to trial, even before a medical board, upon a charge which does not notify him of the nature of the offense attempted to be pleaded against him."

All of the authorities agree that the right to practice dentistry, once given in conformity with law, is a highly valuable right. Paraphrasing the bard, you take away life when you take away the means of sustaining life. The agencies of the state are well equipped for investigation and prosecution and it seems that the dictates of fair dealing between the state and its citizens require that, when the facts are known and are the basis of a charge, there should be a complete and plain statement made before a citizen is brought to trial. Here and there, throughout the cases involving many different conditions of fact, may be found general statements in some way conflicting with the views here expressed. However, we feel that the weight of authority in this jurisdiction harmonizes herewith.

In the case at bar, it would certainly be necessary to prove that Bley owned, or had some right of control over the dental equipment, before he would be guilty of unprofessional conduct, and if it must be proved to make out a case, it must also be alleged.

Appellants lay great stress on the fact that respondent did not object to the sufficiency of the accusation before the Dental Board. There is no merit in this contention. The complaint or accusation must be sufficient in its statement of fact to show actual unprofessional conduct by the person charged, or it will not give the board power or jurisdiction to revoke respondent's license. (*Dyment* v. *Board of Medical Examiners, supra.*)

We think the judgment must be affirmed and it is so ordered.

Thompson (R. L.), J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 3, 1932, and an aplication by appellants to have the cause heard in the Su-

preme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 31, 1932.

Curtis, J., Shenk, J., and Waste, C. J., dissented.