[Civ. No. 9738.   Second Appellate District, Division One.—January 30, 1936.]

PHILIP KARZ, Respondent, v. DEPARTMENT OF PROFESSIONAL AND VOCATIONAL STANDARDS, REGISTRAR OF CONTRACTORS OF THE STATE OF CALIFORNIA, et al., Appellants.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Appellants.

Charles J. Katz and Stanley C. Fox for Respondent.

WHITE, J., *pro tem.*—This is an appeal from a judgment of the superior court annulling a decision of the appellants herein suspending for sixty days the license of respondent to carry on the business of a contractor in the state of California unless respondent complied with certain conditions contained in appellants' decision.

The record reveals that respondent herein was a licensed contractor under the Contractors' License Law of this state (Stats. 1929, chap. 791, as amended) ; that on July 27, 1933, respondent entered into a written contract with one S. Snow, whereby respondent as contractor agreed to construct a five-room residence with garage for the sum of $1950, payments to be made from time to time as the work progressed; that after the execution of the written contract Mr. Snow and his wife orally requested of respondent herein that work and materials additional to that called for by the written contract be employed and used, and that respondent agreed thereto, for which extra materials and labor the Snows were to pay, in

addition to the amounts provided for in the written contract. It further appears that subsequent to the making of the oral agreement respondent herein demanded of the Snows payment for extra materials and labor claimed by .respondent to have been furnished; that when the Snows refused to make such payments respondent herein ceased operations as a contractor and refused to complete the building. Thereafter the Snows filed a complaint with the appellants herein, charging respondent with a violation of subdivisions 1, 3, 7 and 10, of section 9, of the Contractors' License Law. That thereupon a citation was issued to respondent to appear and answer said complaint. On October 10, 1933, a formal hearing was had before the appellants, at which oral and documentary evidence was received and considered by said appellants. Thereafter appellants made and filed their findings against respondent, pronouncing him guilty of a violation of subdivisions 1 and 7 of section 9 of the Contractors' License Law (Stats. 1933, chap. 573), which reads as follows:

"Sec. 9. The Registrar of Contractors may upon his own motion, and shall upon the verified complaint in writing of any person, investigate the actions of any contractor within the State and shall have power to temporarily suspend or permanently revoke a license issued under the provisions of this act if the holder, while a licensee or applicant hereunder, is guilty of or commits any one or more of the following acts or omissions:

"(1) Abandonment without legal excuse of any construction project or operation engaged in or undertaken by the licensee as a contractor as defined by section 3 of this act;

. . . . . . . . . . . .

"(7) Failure in a material respect on the part of a licensee to complete any construction project or operation for the price stated in the contract for such construction project or operation or in any modification of such contract."

By appellants' findings respondent herein was found not guilty of a violation of subdivisions 3 and 10. The findings further provided for the imposition upon respondent herein of the penalty of suspension of his contractor's license as above set forth.

Appellants herein demurred generally and specially in the lower court to the respondent's amended petition therein.

The general demurrer attacked the sufficiency of the facts alleged to constitute a cause for review of the proceedings had before the appellants herein on the ground that:

A. Assuming the alleged oral agreement for extras to be a part of the written agreement and that both are one and the same contract, a failure on the part of the Snows, one of the contracting parties, to perform their part of the oral agreement would not permit the other contracting party to abandon the written agreement and all work of construction provided for therein.

B. That assuming the alleged oral agreement for extras to be separate and apart from the written contract, a failure on the part of the Snows, one of the contracting parties to the oral agreement, to perform their part of said oral agreement would not permit the other contracting party to abandon the work called for by the written contract.

Conceding that the Snows breached their part of the agreement by failing to pay for the extras, the law is well settled in this state that a person is not entitled to rescind or abandon a contract for an alleged breach of that contract when the breach does not go to the root of the consideration. (*Walker* v. *Harbor Business Blocks Co.*, 181 Cal. 773 [186 Pac. 356]; 13 C. J. 614, sec. 664.) In this case the breach of the oral contract for "extras", which was an independent covenant that did not go to the whole consideration of the written contract for the erection of the dwelling, but which was subordinate and incidental to its main purpose, did not constitute a breach of the entire contract, and consequently did not warrant a rescission of the entire contract by the respondent herein, who was the injured party. The latter was bound to perform his part of the contract, and his only remedy for breach was compensation in damages, because failure to perform a subsidiary act under a contract will not ordinarily justify a rescission unless it is of such character as to evince an intent on the part of the person in default to abandon the contract or to be no longer bound by its terms. There is no allegation in the petition from which it could be inferred that the Snows had evinced an intention to abandon both the alleged oral and written contracts, whether considered as one contract or as separate contracts. Indeed, the allegations of the petition for review conceded that the Snows had fully performed all parts of the written contract, but

had declined to make payments alleged to be due under the subsidiary contract for "extras".

"When a covenant or promise goes only to a part of the consideration, and a breach thereof may be paid for in damages, it is an independent covenant or promise, and an action may be brought for a breach of it without averring performance." (*Ernst* v. *Cummings*, 55 Cal. 179.) A reading of the petition for *certiorari* in the instant case clearly shows that the agreement to pay for the extra labor and materials went only to a part of the consideration, and that the agreement for extra labor and materials was an independent covenant and not a covenant dependent upon the written contract, because, as shown by the allegations of the petition, the fulfillment of the terms of the written contract, without any reference to the oral agreement, would have provided a completely finished home and dwelling, as provided for in said written contract. Respondent therefore was not entitled to abandon or rescind both contracts and cease all work in connection with the construction of the dwelling. He was required to proceed with the work, and if necessary bring an action at law to collect the amount of the "extras" and any damages he suffered by reason of nonpayment therefor.

We come now to a consideration of the second question raised by demurrer. Whether these two contracts are to be considered as one depends upon the intention of the parties thereto. In the instant case the petition for *certiorari* shows clearly that the parties intended the written contract as distinct and separate from the oral agreement. The written contract was executed first, and provided for a complete construction of the dwelling house in accordance with plans and specifications which were a part of the written contract. After work had been commenced under said written contract and during the course of construction of the dwelling it is alleged that the Snows wanted some extra work done and materials furnished in addition to that called for by the written contract. A separate sum of money was agreed upon to be paid for the extra work and labor, and was in all respects separate from and independent of the written contract. From the petition it appears that appellants herein at the hearing held before them found that respondent had abandoned the original written contract, and in his petition for

*certiorari* respondent attempts to set up a breach of the subsequent independent oral agreement by the Snows as justification for respondent's abandonment of work under the original written contract. This he cannot do. The demurrer should have been sustained.

As a further ground for reversal appellants urge that the lower court erred in annulling the decision of appellants because there was in the record at the hearing before appellants substantial evidence to support appellants' findings and therefore confer upon them jurisdiction to render the decision against respondent.

With this contention of appellants we find ourselves in accord. The writ of *certiorari* can be used only for the purpose of ascertaining whether the board, officer or inferior tribunal has exceeded its jurisdiction. The action of the appellants herein sought to be reviewed is final and conclusive upon every question except questions of jurisdiction. The writ cannot be used for the purpose of determining whether or not the evidence was sufficient in the opinion of the reviewing court to support the particular decision complained of, providing the inferior tribunal had jurisdiction and the record discloses substantial evidence to support the decision. (*Garvin* v. *Chambers,* 195 Cal. 212 [232 Pac. 696] ; *Central Pac. R. R. Co.* v. *Board of Equalization,* 43 Cal. 365; *Winning* v. *Board of Dental Examiners,* 114 Cal. App. 658 [300 Pac. 866].)

While it is true there was a conflict in the evidence presented to appellants at the hearing before them, yet if the appellants believed the testimony of the complainants, Mr. and Mrs. Snow, and other witnesses who testified at the hearing, such testimony afforded ample grounds for the decision by appellants that respondent contractor had abandoned his contract and failed to complete it.

Where the board or tribunal whose decision is sought to be reviewed has acted upon a conflict of evidence, and where they have not acted upon an entire absence of any competent evidence, it has not exceeded its jurisdiction, and a reviewing court will not under such circumstances interfere with or annul the decision rendered by the inferior tribunal, officer, or board. (*Osborne* v. *Baughman,* 85 Cal. App. 224, 225 [259 Pac. 70].)

For the foregoing reasons it follows that the judgment appealed from should be, and it is, reversed, and the cause remanded, with directions to the court below to enter judgment in favor of appellants in accordance with the views herein expressed.

York, Acting P. J., and Doran, J., concurred.