[Crim. No. 1168.   Fourth Dist.   Dec. 16, 1957.]

THE PEOPLE, Respondent, v. MAXINE CAROLINE CHIUMINATTA, Appellant.

Hennigan, Ryneal & Nixen and J. David Hennigan for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was indicted by the grand jury on three counts of perjury. In the first count she was charged with falsely swearing to a complaint charging her husband with a violation of section 245 of the Penal Code. In the second count, she was charged with falsely swearing at the preliminary hearing of the case against her husband that her husband on January 27, 1957, had hit her about the face and head while she lay on the floor and had dragged her through the house by her hair. In the third count it was charged that she wilfully committed perjury at the trial of her husband in the superior court by falsely testifying that on the occasion in question her husband did not hit her about the face and head while she was on the floor and that he had

not dragged her through the house by her hair, when she knew that this testimony was false and untrue.

The defendant pleaded not guilty to each count and on motion of the district attorney the first count of the indictment was dismissed. At the time set for trial it was stipulated that the cause be tried by the court without a jury, and that it be submitted on the transcript of the proceeding before the grand jury. The court found the defendant not guilty on the second count of the indictment and guilty on the third count. At the time set for pronouncing judgment the court stayed further proceedings for the purpose of granting probation, and granted probation to the defendant on the conditions that upon her release she seek psychiatric treatment, that she not leave the state, that she violate no law, and that she report to the probation officer once a month. The defendant has appealed from the "judgment of conviction."

The sole point raised on the appeal is that the evidence was not sufficient to prove a corpus delicti in this case or to sustain the conviction of the defendant. It is argued that the evidence was not sufficient to meet the requirement of section 1103a of the Penal Code, which provides that perjury must be proved by the testimony of two witnesses or of one witness and corroborating circumstances; and that there was no direct evidence as to which of the conflicting statements made by the defendant was in fact true.

From the transcript of the evidence before the grand jury it appears that a deputy sheriff interviewed the defendant on January 28, 1957. He testified that at that time she had "black eyes, and bruises about the face and lips, a bruised up nose, pretty well bruised up," and that she signed a written statement at that time. In this statement, which was read into the record, she stated that on January 27 her husband had knocked her off a stool and she fell to the floor, that he "drug" her to the front door, and that he kept on hitting her while she was on the floor. A clerk of the municipal court testified that at the preliminary hearing of her husband on January 31, 1957, the defendant was duly sworn, and a court reporter who took down her testimony read the same into the record. It appears therefrom that the defendant there testified that she was sitting in the dining room of her home and the defendant knocked her off a stool; that while she was on the floor he kept hitting her across the face and head and on the ears; and that "he drug me all through the house by the hair." There was evidence that she was duly sworn

at the trial of her husband in the superior court on March 21, 1957, and her testimony there was read into the record by another reporter. She then testified that on the occasion in question her husband did not knock her off the stool; that he did not hit her across the face and head and on the ears; that he did not drag her through the house by the hair; and that he did not hit her when she was down on the floor.

It is appellant's contention that in the absence of direct evidence, other than defendant's statements, of what actually occurred at her home on January 21, 1957, the evidence is not sufficient to sustain a conviction. It is argued that there is no direct testimony to indicate that any of the statements alleged in the third count were in fact false, and that while circumstantial evidence may be substituted for one of the witnesses required by the statute it cannot be a substitute for both.

While it is true that perjury must be proved by the testimony of two witnesses or one witness and corroborating circumstances it was pointed out in *People* v. *Macken*, 32 Cal. App.2d 31 [89 P.2d 173], that this does not mean that it is always necessary to produce someone who was present at the defendant's home at the time in question to supply direct evidence as to what there occurred. The court there stated: "It is, however, necessary to have positive testimony as to facts that are absolutely incompatible with the innocence of the accused. (Citation.) Positive testimony of a state of facts contrary to that sworn to by the accused or absolutely incompatible or physically inconsistent with her evidence, may be sufficient." In *People* v. *Casanova*, 54 Cal.App. 439 [202 P. 45], it is said: "The statute respecting the *quantum* of evidence necessary in perjury cases will be satisfied if there be the testimony of one witness to facts that are absolutely incompatible with the innocence of the accused, corroborated by circumstances which, of themselves and independently of such directly inculpatory evidence, tend, with a reasonable degree of certitude to show that the accused is guilty as charged." In *People* v. *Todd*, 9 Cal.App.2d 237 [49 P.2d 611], the court pointed out that in a perjury case, as in others, the circumstances legally sufficient to sustain a conviction may consist of the extrajudicial statements or admissions of the accused, and that the entire conduct of the accused may be looked to for corroborative circumstances.

The evidence of the appellant's statements to the deputy sheriff the next day after the incident in question which

were reduced to writing and signed by her, of her bruised condition at the time, of her swearing to a complaint against her husband, and of her sworn testimony at the preliminary hearing, was sufficient to support the implied finding that it was true that her husband had struck her around the head and face and had dragged her through the house. This evidence, with the inferences that could reasonably be drawn therefrom, support the finding that she was stating as true matters which she knew to be false when she testified on March 21 that her husband had not hit her about the face and head as she lay on the floor, and that he had not dragged her about the house by her hair. It conclusively appears that she swore falsely on one of those occasions. The testimony of the deputy sheriff as to her condition on January 28, and the defendant's own written admission at that time and her later testimony in court are sufficiently incompatible with her innocence of the charge contained in the third count to convince any reasonable person. The guilt of the defendant on either Count 2 or Count 3 clearly appears beyond any question, and the evidence was sufficient to comply with the requirement of section 1103a of the Penal Code. It was for the trial judge to weigh that evidence, including the reasonable inferences therefrom, and to decide as to which time she had told the truth. While some statements made in some prior perjury cases regarding the necessity of other proof, not expressly required by the statute, were proper under the circumstances under which they were used, they should not be accepted as requiring a reversal under the undisputed facts which here appear.

The judgment is affirmed.

Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 11, 1958. Gibson, C. J., and Traynor, J., were of the opinion that the petition should be granted.