[Crim. No. 27836. Second Dist., Div. One. Apr. 29, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
MANUEL FRANCIS CONTRERAS, Defendant and Appellant.

**COUNSEL**

J. A. Eckl, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow and James H. Kline, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THOMPSON, J.**—This is an appeal from a judgment of conviction based upon a jury verdict finding defendant guilty of second degree robbery and of assault, and from an order revoking probation by reason of the conviction. Defendant contends that the 1974 amendment to the California Constitution incorporating a confrontation clause in section 15 of article I restricts the scope of Evidence Code section 1291, subdivision (a)(2), in criminal proceedings. Hence, argues defendant, decisional law prior to the 1974 amendment, which permits preliminary hearing testimony to be received at trial upon a showing of unavailability of the witness despite due diligence to obtain his presence at trial, is no longer applicable, and preliminary hearing testimony is never admissible against the defendant at a subsequent trial. Defendant contends also: (1) receipt in evidence of preliminary hearing testimony at trial violates the confrontation clause of the Sixth Amendment to the United States Constitution; (2) Evidence Code section 1291, subdivision (a)(2), is not satisfied in the case at bench because there was not the right at the preliminary hearing to cross-examine the witness with a motive and interest similar to that present at trial; and (3) the trial court erroneously permitted hearsay in evidence when determining the preliminary fact of due diligence to seek the attendance of a witness absent at trial whose testimony at defendant's preliminary hearing was admitted against him.

We conclude that the 1974 amendment to the California Constitution is declaratory of a prior California constitutional right previously incorporated in the due process guarantee of former section 13 of article I and a statutory right stated in Penal Code section 686, subdivision 3 so that decisional law antedating the 1974 amendment is applicable in the case at bench. We conclude, further, that in light of that decisional law, defendant's other contentions lack support.

Defendant, John Olson, and Debbie Fragosa were charged with robbery and assault by reason of their having "mugged and rolled" Luis Salgado. Salgado identified the three at their preliminary hearing. He

was extensively cross-examined on the issue of identity and the details of the crime by counsel for Olson and by an attorney jointly representing Fragosa and defendant. Defendant and Fragosa were tried separately from Olson. By the time of trial, Salgado, an illegal alien, had disappeared. Extensive efforts were undertaken to find him in Mexico and thereafter to secure his presence at trial. Despite apparently boarding a bus to travel to the Mexico-United States border near Tijuana where his entrance to the United States had been arranged, Salgado never appeared.

Salgado's preliminary hearing testimony was admitted at trial. Other prosecution evidence substantially corroborated its content. Defendant attacked the credibility of the testimony by inconsistencies between it and Salgado's prior statements to police officers. Defendant was convicted.

The history of the enactment of the 1974 amendment to the California Constitution incorporating an expression of the right of confrontation in section 15 of article I refutes defendant's contention that the amendment was intended to expand then existing law. Prior to 1974, article I, section 13 expressed a defendant's right in a criminal proceeding to "compel the attendance of witnesses in his behalf." The same section guaranteed a defendant due process of law. The California Constitution, however, contained no express guarantee of the right of confrontation, that right being provided in subdivision 3 of Penal Code section 686. In the 1974 amendments to the California Constitution, a new section 15 was added to article I stating that a defendant in a criminal proceeding has the right "to be confronted with the witnesses against [him]."

Decisional law prior to the 1974 amendment recognized the absence of an express confrontation clause in the California Constitution (*People* v. *Wallin* (1950) 34 Cal.2d 777, 781 [215 P.2d 1], but treated the right as one encompassed by the due process guarantee of former section 13 of article I (*People* v. *Dozier* (1965) 236 Cal.App.2d 94, 101 [45 Cal.Rptr. 770]). The right was treated as coextensive with that declared in Penal Code section 686 so that hearsay evidence and deposition testimony to the extent admissible by the Evidence Code or otherwise could be received without violation of the confrontation right. (*People* v. *Dozier, supra,* 236 Cal.App.2d 94, 101; *People* v. *Johnson* (1974) 39 Cal.App.3d 749, 754-755 [114 Cal.Rptr. 545].)

In its comment concerning the 1974 amendments to article I of the California Constitution, the California Constitution Revision Commission states: "Existing Section 13 contains significant criminal procedure provisions . . . . [¶] The Commission recommends that these guarantees be retained. In addition, the Commission believes that the revised Section should give a criminal defendant the right to be confronted with the witnesses against him. While this is presently required by the Federal Constitution, it should be included in California's basic document." (Part 5, *Proposed Revision of the California Constitution*, at p. 24.) The commission thus treats the provision of new section 15 of article I as identical with the federal constitutional right of confrontation, a right previously declared by decisional law to be a part of the due process guaranteed by the California as well as the United States Constitutions and a right encompassed in statute by Penal Code section 686.

■    Tested by the standards of the federal right of confrontation, the record in the case at bench fully supports the trial court ruling permitting Salgado's testimony at the preliminary hearing to be received against defendant at trial.    ■    The right of a defendant to confront witnesses against him is subject to a traditional exception where the witness is unavailable, the prosecutorial authorities have made a good faith diligent effort to obtain his presence at trial, and the witness has given testimony at a prior judicial proceeding against the same defendant where he was subject to cross-examination by the defendant with an interest and motive similar to that which he has at trial. (*Barber* v. *Page* (1968) 390 U.S. 719, 725 [20 L.Ed.2d 255, 260, 88 S.Ct. 1318]; *People* v. *Johnson, supra,* 39 Cal.App.3d 749, 754.) If those circumstances exist, the testimony at the prior judicial proceeding is admissible in a criminal trial. (Evid. Code, § 1291; *People* v. *Rinegold* (1970) 13 Cal.App.3d 711, 718 [92 Cal.Rptr. 12].)

■    Here Salgado was a witness against defendant in a prior judicial proceeding, the preliminary hearing. Defendant was afforded and exercised a right to cross-examine the witness at the preliminary hearing with an interest and motive similar to that which he had at trial. (*People* v. *Benjamin* (1970) 3 Cal.App.3d 687, 695 [83 Cal.Rptr. 764].) Here the prosecutorial authorities made a good faith, diligent, indeed very extensive effort to secure Salgado's attendance at trial.

Defendant argues that the evidence of the prosecution's effort to find and deliver Salgado as a witness is inadmissible hearsay because it consists largely of conversations between a police officer and others by

which the officer first sought to locate Salgado and then, having located him in Mexico, sought to have him present at defendant's trial. Since the conversations possessed a relevance independent of their truth, as facts showing the exercise of diligence, the argument lacks substance.

The judgment and order revoking probation are affirmed.

Wood, P. J., and Lillie, J., concurred.